UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-754-H

GREENEBAUM DOLL & MCDONALD PLLC                                          PLAINTIFF


V.


DEBBIE DARGAVELL SANDLER, et al.                                          DEFENDANTS


**MEMORANDUM OPINION AND ORDER**


The law firm of Greenebaum Doll & McDonald PLLC ("Greenebaum"), the plan

administrator of the firm's Retirement Plan and Trust (the "Plan"), filed this declaratory

judgment action to resolve a dispute between Debbie Sandler, the surviving spouse of a deceased

Plan participant, and the decedent's two children by a prior marriage, concerning rights to the

considerable assets that the Plan Participant, David Sandler, accumulated in the Plan.[1]

All discovery is now completed and this case is submitted on motions for summary

judgment.  For the reasons stated in this Memorandum Opinion, the Court concludes that Debbie

Sandler is the properly designated beneficiary under the Plan.

I.

The relevant facts are undisputed and relatively straightforward.  The Plan is subject to

the Federal Employer Retirement Income Security Act of 1974, as amended ("ERISA"), 29

U.S.C. §§ 1001-1461 (2006).  David B. Sandler was a member of Greenebaum and a participant

---

[1] The Estate of David Sandler has also been made a party to this suit.  It could be entitled to the assets of
the Plan if neither Debbie Sandler nor the children were found to have any right to them.

in the Plan.  The Plan contains many standard provisions commonly found in other ERISA

retirement plans.  The Court is most interested in those concerning the designation of

beneficiaries of Plan assets.  The parties here dispute whether such a designation exists either

expressly or by operation of the Plan documents.  The Plan provides that upon the death of a

participant, the relevant account balances are distributed in accord with any applicable

designation of beneficiary.  Under the Plan, if no designation is properly made, the Participant is

deemed to have designated the following as beneficiaries in the following order of priority: (a)

the decedent's surviving spouse; (b) the decedent's surviving children, in equal shares; and (c)

the decedent's estate.  Another important provision concerns the designation of beneficiaries

where the Plan Participant is married.  The Plan provides as follows:

> Notwithstanding the preceding to the contrary, the spouse of a
> Participant who was married to the Participant on the day of the
> Participant's death shall be deemed such Participant's Beneficiary
> for purposes of this Article 9 and such spouse shall be entitled to
> the Participant's entire vested Account Balances as of the date of
> his death.  Provided, however, that such Participant may designate
> a Beneficiary other than such spouse if (a) such spouse consents in
> writing to a specific Beneficiary witnessed by a member of the
> Retirement Committee or acknowledged before a Notary Public
> and (b) such consent acknowledges the effect of such consent.

Thus, the spouse of a married participant is deemed the default beneficiary where the participant

takes no further action.

This matter became more complicated on or about October 5, 1995, when David and

Debbie Sandler were married.  Just prior to the ceremony they executed an "Antenuptial

Property Agreement."  The Antenuptial Agreement contains a provision that specifically

addresses David Sandler's ERISA retirement plan:

> Each party waives and releases any claim, demand or interest in
> any pension, profit-sharing, Keogh or other retirement benefit plan
> qualified under ERISA and the Internal Revenue Code of the other
> party and agrees to execute any documentation to verify and
> confirm this fact with the plan administrator of such plan.  Each
> party shall continue to make the maximum contribution allowable
> to such plans (or less if so desired) during the marriage.

David and Debbie Sandler remained married to the time of David Sandler's death.  The

Antenuptial Agreement is the last written statement of David Sandler's intentions.  There is no

evidence that David Sandler at any time designated a beneficiary to replace his spouse under the

Plan.

David Sandler died on June 3, 2005, which has occasioned the dispute about ownership

of the Plan assets.  The Plan's Trustee, Fifth Third Bank, has maintained his account balances

under the Plan.  Greenebaum is acting merely as a stakeholder and has filed this action in order

to obtain a declaratory judgment and judicial determination as to who is entitled to receive the

Sandler's accounts:  Mrs. Sandler or the two children.

The Sandler children have asserted a crossclaim against Debbie Sandler for breach of

contract, seeking damages in the amount of the balance of the Sandler account or, in the

alternative, specific performance of her contractual obligation to execute the documentation

verifying and confirming her agreement to waiver and release her rights in the Sandler account.

II.

The answer to the current dispute depends in large measure upon whether provisions of

the Plan or of the Antenuptial Agreement govern.  No disputed facts prevent the Court from

deciding this question.

Section 514(a) of ERISA provides that federal law shall supercede all state laws that

relate to an ERISA plan.  29 U.S.C. § 1144(a) (2006).  The sweep of this clause is expansive and

has been given a broad reading.  *Metropolitan Life Insurance Company v. Pressley*, 82 F.3d 126,

129 (6th Cir. 1996).  ERISA also requires that a plan administrator discharge his duties in

accordance with the documents and instruments governing the ERISA plan.  29 U.S.C. §

1104(a)(1)(D) (2006).  The Sixth Circuit has held that this particular section supplies all the rules

for determining beneficiaries under an ERISA plan and that plan administrators should strictly

follow plan documents for that purpose.  *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990).

In *McMillan* the Sixth Circuit faced the question of whether the broad waiver of rights in a

divorce decree could waive a spouse's interest as designated beneficiary of an ERISA plan.  The

court answered that a divorce decree provision did not effectively waive her interest as an

ERISA  beneficiary.  *Id.* at 312.  More recently, the *Pressley* court adopted this same view.

*Pressley*, 82 F.3d at 130.  Waivers contained in a prenuptial agreement are conceptually identical

and should be treated so.  *See Callahan v. Hutsell, Callahan & Buchino P.S.C. Revised Profit

Sharing Plan*, 813 F.Supp. 541, 545-46 (W.D. Ky. 1992).[2]

    If the plan administrator does not receive a proper designation naming a non-spouse

beneficiary and reflecting spousal consent, the pertinent provisions of the Plan designate the

participant's widow as the beneficiary.  These provisions comply with ERISA requirements.  *See*

29 U.S.C. § 1055 (2006).  Here, the execution of the Antenuptial Agreement does not meet the

Plan's requirements for designation of a new beneficiary or spousal consent to such an action.

---

[2] In *Callahan*, Judge Johnstone cited *McMillan v. Parrott*, *supra*, in support of his conclusion.  *See Callahan*, 813 F.Supp. at 545-546.  Judge Johnstone's judgment was vacated and remanded on evidentiary grounds. However, in its unpublished decision the Sixth Circuit confirmed the analogy to *McMillan v. Parrott* as the governing law.  *See Callahan v. Hutsell, Callahan & Buchino P.S.C. Revised Profit Sharing Plan*, Nos. 92-5796, 92-5797 and 92-5862, 1993 WL 533557 at *7 (6th Cir. Dec. 20, 1993).

No one has uncovered evidence that David Sandler requested Debbie Sandler to execute any consent form to change the Plan beneficiary or that she refused to execute any other documentation to verify or confirm such a change.[3]   Therefore, under the Plan's rules, Debbie Sandler remains the Plan beneficiary because David Sandler never designated a successor beneficiary under the terms set out in the Plan.

The Sandler children argue that in the Antenuptial Agreement Debbie Sandler affirmatively waived her right to the proceeds of the ERISA retirement plan.  However, to accept this argument one must also accept the premise that Debbie Sandler may alter her beneficiary status by a means other than that which the Plan provides.  To do so would violate the Sixth Circuit's well-settled principle that a plan administrator must follow the Plan documents as written.  *Pressley*, 82 F.3d at 130.

While such a principle may not always produce distributions precisely consistent with a participant's most recent intent, it does help prevent fraud, avoids conflicting liabilities and insures that beneficiaries receive benefits without the confusion of interpreting third party documents, all of which are important to the broad use and operation of ERISA plans by millions of Americans.  *See McMillan*, 913 F.2d at 312.  To administer ERISA plans in a manner other than in accordance with their controlling documents, would greatly complicate the lives of plan administrators and would increase the difficulty of fairly monitoring ERISA transactions.

_____

[3] It is significant that Debbie Sandler was never asked to sign a consent or waiver form.  In *Callahan*, the district court held that an antenuptial agreement did not effectively waive a spouse's interest as a beneficiary under an ERISA plan.  *Callahan*, 813 F.Supp. at 546.  In its unpublished opinion, the Sixth Circuit remanded for additional discovery as to whether the surviving spouse had actually been given a consent and waiver form to sign, in which case her failure to do so might constitute a breach of the antenuptial agreement.  *See Callahan*, 1993 WL 533557 at *8.  In this case, no party argues that Debbie Sandler was ever asked to sign any such designation, so the issue of breach for failure to consent to a designated beneficiary does not arise.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of Debbie D. Sandler is SUSTAINED and she is entitled to the proceeds of the David Sandler Plan proceeds as its beneficiary under that Plan.

IT IS FURTHER ORDERED that all other motions are MOOT.

This is a final order and there is no just reason for delay.

cc:    Counsel of Record