UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05-CV-754-H

GREENEBAUM DOLL & MCDONALD                              PLAINTIFF

V.

DEBBIE DARGAVELL SANDLER, et. al                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The law firm of Greenebaum Doll & McDonald PLLC ("Greenebaum") is the plan administrator for the firm's Retirement Plan and Trust (the "Plan"), which is subject to ERISA. Greenebaum filed a declaratory action in this Court to resolve competing claims between Debbie Sandler ("Mrs. Sandler"), the widow of a deceased Plan participant, and the decedent's two children ("the Sandler children") by a prior marriage, concerning the rights to the assets that the Plan participant, David Sandler, had accumulated in the Plan. This Court granted Mrs. Sandler's motion for summary judgment, finding that she, and not the Sandler children, was the properly designated beneficiary under the Plan. The Sandler children appealed to the Sixth Circuit, which affirmed this Court's decision with respect to Mrs. Sandler's entitlement to the Plan assets. The Sixth Circuit returned the case to this Court for consideration of Mrs. Sandler's request for attorney fees, which she raised in her motion for summary judgment. The Court has had the benefit of the parties' oral and written briefing on the matter. For the reasons stated below, the Court will deny Mrs. Sandler's request for attorney fees.

I.

ERISA provides for the payment of attorney fees of a party in some circumstances. 29 U.S.C. § 1132(g).

> g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

The Sixth Circuit has articulated a five-factor balancing test to assess whether a district court has properly exercised its discretion in awarding fees. *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005). The five factors include: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

II.

Mrs. Sandler argues that the first factor, the degree of culpability or bad faith, weighs in her favor. She argues that Greenebaum was forced to institute the declaratory action because it could not locate the file which contained the beneficiary designations of plan participants, including David Sandler's. But as the Court recognized in its Memorandum Opinion, "the answer to the current dispute depends in large measure upon whether provisions of the Plan or of the Antenuptial Agreement govern." Thus, even if Greenebaum had been able to locate the

beneficiary designation forms, this would not have resolved the dispute, nor would it have necessarily prevented the declaratory action which could have presumably spared Mrs. Sandler attorney fees in defending her rights to the Plan assets.

Though Greenebaum would be able to satisfy the fees, the deterrent effect of an award and the common benefit on other plan participants both appear to be small. Mrs. Sandler argues that a fee award would deter other Plan administrators from "failing to safeguard records." It is difficult to imagine, however, that such an award would actually deter other administrators from inadvertently misplacing files. Moreover, the facts of this case were rather unique. Although Mrs. Sandler's defense of her interests led to the resolution of a legal question regarding ERISA, this would not appear to confer a common benefit on all participants of an ERISA plan. Rather, Mrs. Sandler protected her own interests.

Finally, the Court considers the relative merits of the parties' positions. Although Mrs. Sandler's position was strong as compared to that of the Sandler children, the Court agrees with Greenebaum that it was simply the stakeholder of the fund which asked a court for guidance in order to resolve competing claims to assets held in its Plan. It did not take a position in the resolution of the case.

True, some of the *First Trust* factors may edge slightly in Mrs. Sandler's favor. On balance, however, where any arguably "culpable" act was not outcome determinative, where the result of the case depended largely on the application of federal law to the unique facts of the case, and where Greenebaum initiated the declaratory action in the good faith execution of its duties as a plan fiduciary, the Court, in its discretion, declines to award attorneys fees.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Mrs. Sandler's request for attorney fees is DENIED.

This is a final order.

cc:     Counsel of Record